# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SEUNG-WHAN CHOI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 16 C 11627 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| BOARD OF TRUSTEES OF THE | ) |
| UNIVERSITY OF ILLINOIS, | ) |
| EVAN MCKENZIE, individually, | ) |
| DENNIS JUDD, individually, and | ) |
| DICK SIMPSON, individually, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Professor Seung-Whan Choi, who was reinstated to his post at the University of Illinois after filing an EEOC claim, asserts that the retaliatory actions taken after his reinstatement have negatively affected his career and personal life and brings this lawsuit against the Board of Trustees of the University of Illinois (the "Trustees") and his supervisors, Evan McKenzie, Dennis Judd, and Dick Simpson (collectively, "Defendants"), alleging that they discriminated against him on the basis of his race and national origin. Choi alleges violations of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1983, and Illinois common law. The Defendants move to dismiss Choi's claim for intentional infliction of emotional distress ("IIED") against all defendants and his § 1981 claims against Simpson under Federal Rule of Civil Procedure 12(b)(6). They also move to strike various allegations in Choi's second amended complaint under Rule 12(f). Because Choi's IIED claim is preempted, the Court grants Defendants' motion to dismiss that claim. The Court denies Defendants' motion to dismiss the § 1981 claims against Simpson because Choi has sufficiently

pleaded these claims.  Furthermore, because Choi's second amended complaint does not contain allegations that are redundant, immaterial, impertinent, or scandalous, the Court denies Defendants' motion to strike.

# BACKGROUND[1]

The Trustees maintain and control a public university (the "University") located in Chicago, Illinois.  Choi, who is Korean and a resident of Illinois, began working for the Trustees in the fall of 2004.  McKenzie, Judd, and Simpson are also employees of the Trustees and have served as Choi's supervisors in the Department of Political Science (the "Department").

In May 2010, the Trustees fired Choi from his tenure-track position at the University. Choi then brought an EEOC charge of discrimination against the Trustees in February 2011,

---

[1] The facts in the background section are taken from Choi's second amended complaint and exhibits attached thereto and are presumed true for the purpose of resolving Defendants' motion to dismiss.  *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).  Defendants attach multiple documents to their motion to dismiss: (1) Declaration of Simpson ("Simpson Declaration"); (2) Choi's 2011 Equal Employment Opportunity Commission ("EEOC") Complaint ("2011 EEOC Complaint"); (3) a 2011 confidential agreement and general release entered into by Choi and the Trustees ("2011 Agreement"); (4) a 2016 letter from Choi to the EEOC ("2016 EEOC Letter").  However, a court normally cannot consider extrinsic evidence without converting a motion to dismiss into one for summary judgment. *Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009).  Where a document is referenced in the complaint and central to plaintiff's claims, the Court may consider it in ruling on the motion to dismiss. *Id.*  The Court may also take judicial notice of matters of public record. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997).
 The Court will consider the 2011 EEOC Complaint and the 2011 Agreement because they are referenced in and central to Choi's second amended complaint.  *See Hecker*, 556 F.3d at 582–83.  As Choi admits in his response to the motion to dismiss, his first EEOC complaint and his 2011 settlement agreement are "highly relevant" to his complaint.  Doc. 16 at 5.  Choi alleges that he was retaliated against because of his first EEOC complaint and, in support of his retaliation claim, he asserts that there is a causal connection between adverse actions directed towards him and his first EEOC complaint and subsequent reinstatement resulting from the settlement agreement.  However, the Court will not consider the 2016 EEOC Letter or the Simpson Declaration because they are not referenced in Choi's second amended complaint and Choi's claims for relief do not "depend on the existence or contents" of those documents.  *See Ware v. Lake County Sheriff's Office*, No. 15 C 9379, 2017 WL 914755, at *3 (N.D. Ill. Mar. 8, 2017) (refusing to consider exhibits that were not referenced in or central to complaint, nor were the basis for plaintiff's claims); *Macias v. Bakersfield Rest., LLC*, 54 F. Supp. 3d 922, 927 (N.D. Ill. 2014) (refusing to consider plaintiff's letter to EEOC where plaintiff did not attach or refer to the letter in his complaint and where interpretation of letter was not necessary to resolve plaintiff's claims).

alleging race and national origin discrimination, which he subsequently settled through mediation. As a result of the settlement, on August 16, 2011, Choi was reinstated with tenure and a promotion to associate professor for the University. As part of Choi's reinstatement, he was assured that any and all of his privileges as faculty would not be limited or violated. However, after his reinstatement, Choi faced a discriminatory work environment due to resentment from his colleagues and the Department leaders concerning his EEOC complaint. He also faced continuous and persistent discrimination based on his race and national origin.

Throughout his employment, Choi performed his assigned duties in a satisfactory manner, consistent with Defendants' standards, and his job performance met Defendants' legitimate expectations. Choi has a higher H-index[2] than those of his colleagues that are publically available. In addition, he has received highly favorable teaching evaluations from undergraduate students and his graduate teaching record has met or exceeded those of his similarly-situated colleagues. Despite his performance, because of his race and his national origin, Choi has been wrongfully accused of lacking in academic and service contributions. Furthermore, he has been delayed promotions and has not received adequate raises. Choi's merit-based salary increase over the past five years is among the lowest as compared to other faculty members, whose academic performances Choi has exceeded.

In the spring of 2013, Simpson, who was then head of the Department, refused to take any action in response to Choi's request that Simpson consider hiring Choi's wife under the University's "partner accommodation policy." However, Choi's similarly-situated colleague in the Department received an appointment as a spouse through the accommodation policy. In the

---

[2] An H-index is an objective and widely used measurement of the productivity and citation impact of a scholar's publications.

fall of 2014, McKenzie failed to provide Choi with information about paternity leave. McKenzie also removed crucial teaching information from Choi's promotion dossier.

Simpson required Choi, whose specialty is International Relations, to teach certain courses for which he was not trained or qualified to teach. Simpson mandated that Choi teach statistics courses, supposedly because Koreans are good at mathematics. Yet, no other tenured or tenure-track professors were forced to teach statistics. Choi was also required, at the direction of Simpson, Judd, and McKenzie, to teach a course in Korean Politics, but similarly-situated U.S.-born professors were not required to teach American Politics if such a course was outside of their specialty.

In January 2015, Judd, who was then the head of the Department, changed the grade of one of Choi's students without consulting Choi or performing a due diligence investigation, and despite the fact that the student filed her complaint after the grade appeal deadline. Choi confronted Judd about the change and Judd told Choi that "as a foreigner, [Choi] has to keep in mind who he is dealing with and what he is wishing for." Doc. 9 ¶ 65. Judd also stated that "many Koreans are stubborn and do not understand American culture of compromise when dealing with their boss." *Id.*

Choi has been denied appointment to any service or administrative positions and has not been asked to supervise dissertations. The Department stopped admitting doctoral students into International Relations, Choi's area of specialty, and has eliminated International Relations from the core sub-fields of graduate student degree requirements. Choi has been denied access to: input on hiring, Department meetings, research assistants, competitive counter-offers, and university programs such as paternity leave, sabbatical leave, and partner accommodation.

In January 2016, Judd told Choi that his request for promotion to full professor would be unlikely to succeed because others were not happy that he had been reinstated through the outside intervention of the EEOC. In October 2016, Choi filed another charge of discrimination with the EEOC, alleging discrimination on the basis of race, national origin, and retaliation. Later that month, Choi received a Right to Sue notice from the EEOC regarding his charge.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I.  IIED Claim Against All Defendants

Defendants argue that the Court should dismiss Choi's IIED claim (Count VII) because it is preempted by the Illinois Human Rights Act ("IHRA"), 775 Ill. Comp. Stat. 5/1-101 *et seq.*, and, alternatively, that Choi has failed to sufficiently allege outrageous conduct to state such a claim.

The IHRA sets forth a "comprehensive scheme of remedies and administrative procedures" to address alleged human rights violations. *Mein v. Masonite Corp.*, 485 N.E.2d 312, 315, 109 Ill. 2d 1, 92 Ill. Dec. 501 (1985). This "comprehensive scheme" is the "exclusive source for redress of human rights violations" under Illinois law. *Id.* Specifically, the IHRA states that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 Ill. Comp. Stat. 5/8-111(D). "This provision divests courts, both state and federal, of jurisdiction to hear state law claims of civil rights violations unless those claims are brought under the IHRA." *Bell v. LaSalle Bank N.A./ABN AMRO N.A., Inc.*, No. 03 C 0607, 2005 WL 43178, at *2 (N.D. Ill. Jan. 10, 2005); *see Talley v. Wash. Inventory Serv.*, 37 F.3d 310, 312 (7th Cir. 1994) ("[I]n light of the Illinois Human Rights Act, courts have no jurisdiction to hear independent actions for human rights violations.").

To determine whether the IHRA preempts a claim, the Court must decide whether the claim is "inextricably linked" to an alleged violation of an employee's civil rights under the IHRA. *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23, 177 Ill. 2d 511, 227 Ill. Dec. 98 (1997); *Krocka v. City of Chicago*, 203 F.3d 507, 516–17 (7th Cir. 2000). A claim is not inextricably linked to a civil rights violation if the plaintiff can allege its elements "without reference to legal duties created by the [IHRA]." *Maksimovic*, 687 N.E.2d at 23; *see also Naeem v. McKesson Drug Co.*, 444 F.3d 593, 604 (7th Cir. 2006) (considering whether plaintiff "can prove the elements of intentional infliction of emotional distress independent of legal duties furnished by the IHRA," collecting cases). The Court should consider whether the conduct would be "a tort no matter what the motives of the defendant," *see Naeem*, 44 F.3d at 605, or "actionable even

6

aside from its character as a civil rights violation," *see Reed v. Colo. Tech. Univ.*, No. 15 C 3368, 2016 WL 1019830, at *4 (N.D. Ill. Mar. 15, 2016).

To recover for IIED, Choi must allege that "(1) defendants' conduct was extreme and outrageous; (2) defendants either intended to inflict severe emotional distress or knew that there was a high probability that their conduct would do so; and (3) defendants' conduct actually caused severe emotional distress." *Lifton v. Bd. of Educ. of City of Chicago*, 416 F.3d 571, 579 (7th Cir. 2005) (quoting *Thomas v. Fuerst*, 803 N.E.2d 619, 625, 345 Ill. App. 3d 929, 281 Ill. Dec. 215 (2004)). To be considered extreme and outrageous, the conduct "must be so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 438 (7th Cir. 2009) (quoting *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 211, 154 Ill. 2d 1, 180 Ill. Dec. 307 (1992)). In the employment context, Illinois courts are hesitant to find IIED because "if everyday job stresses resulting from discipline, personality conflicts, job transfers or even terminations could give rise to a cause of action for [IIED], nearly every employee would have a cause of action." *Naeem*, 444 F.3d at 605 (citing *Graham v. Commonwealth Edison Co.*, 742 N.E.2d 858, 867, 318 Ill. App. 3d 736, 252 Ill. Dec. 320 (2000)).

Here, Choi alleges that he suffered extreme and outrageous conduct when he was ostracized by Defendants and excluded from important meetings and decisions; wrongfully accused of lacking in academic and service contributions to the Department; denied certain resources, such as a research assistant and openings for doctoral students in his area of specialty, sabbatical leave, and information regarding paternity leave; forced to teach certain courses; undermined through the removal of information from his promotion dossier and through interference with a student's grade; and given delayed promotions and inadequate raises.

7

However, this conduct, independent of any discriminatory intent, does not rise to the level of extreme and outrageous. *See Breneisen v. Motorola, Inc.*, 512 F.3d 972, 983 (7th Cir. 2008) (being passed over for raises or given reduced raises does not rise to the level of extreme and outrageous conduct); *Bannon v. Univ. of Chicago*, 503 F.3d 623, 630 (7th Cir. 2007) (finding no extreme and outrageous conduct where plaintiff was, among other things, excluded from meetings and denied certain responsibilities); *Petrovic v. Am. Airlines, Inc.*, No. 13 C 246, 2014 WL 683640, at *2 (N.D. Ill. Feb. 21, 2014) (finding that "courts hold consistently that false accusations, even as part of a larger pattern of alleged employer misconduct, are not extreme and outrageous," collecting cases); *Alcazar-Anselmo v. City of Chicago*, No. 07 C 5246, 2008 WL 1805380, at *3 (N.D. Ill. Apr. 18, 2008) (denying an employee's request for leave is not egregious enough conduct to be considered extreme and outrageous, collecting cases); *Welsh v. Commonwealth Edison Co.*, 713 N.E. 2d 679, 306 Ill. App. 3d 148, 239 Ill. Dec. 148 (1999) (demoting, transferring, and forcing employees to perform undesirable and humiliating tasks is not outrageous). Therefore, the IHRA preempts Choi's IIED claim. *See Witt v. County Ins. & Fin. Servs.*, No. 04 C 3938, 2004 WL 2644397, at *3 (N.D. Ill. Nov. 18, 2004) (finding IHRA preemption where alleged conduct, standing alone and absent discriminatory motivation, did not support an IIED claim).

## II.     Section 1981 Claims Against Simpson

Defendants argue that the Court should dismiss Choi's § 1981 claims (Counts III, IV, and V) against Simpson because they relate to conduct that falls outside the applicable four-year statute of limitations for § 1981 claims. In the alternative, Defendants argue that even if the conduct alleged falls within the applicable statute of limitations, the Court should dismiss the § 1981 claims against Simpson for failure to allege an actionable adverse action.

8

Choi's § 1981 claims are subject to a four-year statute of limitations. *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 269 (7th Cir. 2004) (section 1981 claims premised on conduct which took place after the formation of an employment contract are subject to a four-year statute of limitations). Choi filed this lawsuit on December 27, 2016, so he may not recover for conduct which occurred prior to December 27, 2012.[3] However, the statute of limitations is an affirmative defense that need not be anticipated in a complaint in order to survive a motion to dismiss. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). "Because affirmative defenses frequently 'turn on facts not before the court at [the pleading] stage,' dismissal is appropriate only when the factual allegations in the complaint unambiguously establish all the elements of the defense." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016) (quoting *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012)).

Here, Defendants cannot argue that the allegations in Choi's second amended complaint unambiguously establish all the elements of their statute of limitations defense. Defendants rely upon facts outside of the complaint that are provided in the Simpson Declaration attached to their motion to dismiss. Defendants argue that Choi's allegations relate to the time during which Simpson served as head of the Department and, according to the Simpson Declaration, Simpson served in that role from 2006 until August 2012 and had no authority over Choi after August 2012. However, the Court cannot consider the Simpson Declaration in deciding this motion to dismiss. *See supra* at 2 n.1. Furthermore, Choi does not allege in his complaint that the § 1981 claims against Simpson are limited to Simpson's term as head of the Department, nor is he required to do so. Individual liability under § 1981 is not premised on an individual's title or position within an organization. Rather, it arises if an individual participated in the

---

[3] This time period is subject to certain equitable doctrines, such as tolling or estoppel. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002).

discrimination. *Behnia v. Shapiro*, 961 F. Supp. 1234, 1237 (N.D. Ill. 1997).[4] In Counts III, IV, and V, Choi alleges that, at relevant times, he "was supervised by" Simpson. Doc. 9 ¶¶ 99, 120, 132. Elsewhere in the second amended complaint, he alleges specific acts by Simpson that occurred after 2012: refusing to take action in the spring of 2013 when Choi requested a partner accommodation, *id.* ¶¶ 48–49, and directing Choi to teach a course in Korean Politics in spring of 2016, *id.* ¶¶ 60, 181. Choi's second amended complaint does not unambiguously establish that his claims against Simpson are untimely under the four-year statute of limitations. Therefore, the Court will not dismiss Counts III, IV, and V against Simpson based on the statute of limitations at this time.

Defendants also argue Counts III, IV, and V against Simpson should be dismissed because they do not allege that Simpson engaged in any actionable adverse action required to state a claim for discrimination. The Seventh Circuit has held that there is a "minimal pleading standard" for claims of race discrimination. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008).[5] A § 1981 discrimination claim need only allege that the employer instituted a specified adverse employment action against the plaintiff on the basis of his race. *Id.* "An adverse employment action is one that significantly alters the terms and conditions of the employee's job." *Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir. 2004).

In their motion to dismiss, Defendants specifically cite to allegations that Simpson required Choi to teach statistics and failed to take action in response to Choi's request for a partner accommodation, asserting that this conduct is not an adverse action. However, the

---

[4] This also refutes Defendants' argument that "there was no point in time when all four named defendants could be liable for the same conduct," implying that Simpson, Judd, and McKenzie can only be liable for acts that were committed while they were Department head. See Doc. 13 at 12 n.5.

[5] *Tamayo* addresses a Title VII claim, but courts have applied this minimal pleading standard to § 1981 claims as well. *See, e.g.*, *Little v. Ill. Dep't of Revenue*, No. 10 C 4928, 2011 WL 3021729, at *1 (N.D. Ill. July 21, 2011).

10

question of whether a change in an employee's working conditions is materially adverse is normally a question of fact and should not be resolved on a motion to dismiss. *Moody v. Crete-Monee Sch. Dist. 201-U*, No. 15 C 5217, 2015 WL 8989503, at *4 (N.D. Ill. Dec. 16, 2015) (citing *Williams v. Bristol-Myers Squibb Co.*, 85 F.3d 270, 273–74 (7th Cir. 1996); *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006)); *see also Gross v. City of Chicago*, No. 05 C 547, 2005 WL 1866041, at *3 (N.D. Ill. June 13, 2005) (holding that determining whether allegations constituted an adverse employment action was a question of fact "well beyond" the scope of a motion to dismiss). Furthermore, reading the complaint in its entirety[6] and drawing all reasonable inferences from the alleged facts in favor of Choi, the Court finds that Choi has alleged Simpson's involvement in other potentially adverse actions. Choi alleges that, at relevant times, Simpson was his supervisor. It is reasonable to infer that as Choi's supervisor, Simpson was involved in the delayed promotions and the inadequate raises, which Choi alleges he suffered due to his race and despite the fact that his job performance met expectations. Choi also alleges that "all instances of racial harassment came from [his] supervisors." Doc. 9 ¶ 110. Accordingly, the Court denies Defendants' motion to dismiss the § 1981 claims against Simpson.

### III. Motion to Strike Allegations from the Second Amended Complaint

Finally, Defendants argue that the Court should strike various allegations in Choi's second amended complaint under Rule 12(f) or, in the alternative, order Choi to re-plead certain allegations under Rule 12(e). Rule 12(f) permits the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(e) permits a party to request a "more definite statement of a pleading" if it

---

[6] The Court reads the complaint in its entirety when considering the viability of a claim. *Robertson v. Lofton*, No. 13 C 3205, 2013 WL 5796780, at *3 (N.D. Ill. Oct. 25, 2013) (collecting cases).

is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Rule 12(f) motions are generally disfavored "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Riemer v. Chase Bank, N.A.*, 275 F.R.D. 492, 494 (N.D. Ill. 2011) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed. 1990)). A party moving to strike under Rule 12(f) "has the burden of showing that the 'challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial.'" *E & J Gallo Winery v. Morand Bros. Bev. Co.*, 247 F. Supp. 2d 979, 982 (N.D. Ill. 2003) (quoting *Carroll v. Chicago Transit Auth.*, No. 01 C 8300, 2002 WL 20664, at *1 (N.D. Ill. Feb. 8, 2002)). A Rule 12(f) motion to strike "is not a mechanism for deciding disputed issues of law or fact, especially where . . . there has been no discovery, and the factual issues on which the motion to strike largely depend[] are disputed." *Riemer*, 275 F.R.D. at 494.

Rule 12(e) motions are appropriate when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Wright v. Vill. of Phoenix*, No. 97 C 8796, 2000 WL 246266, at *9 (N.D. Ill. Feb. 25, 2000) (citing *Dimensions Med. Ctr., Ltd. v. Principal Fin. Grp., Ltd.*, No. 93 C 6264, 1995 WL 51586, at *3 (N.D. Ill. Feb. 6, 1995)). Rule 12(e) is "designed to strike at unintelligibility rather than want of detail." *Scholz Design, Inc. v. Buralli*, No. 01 C 3650, 2001 WL 1104647, at *4 (N.D. Ill. Sept. 18, 2001). It is not "a substitute for discovery." *Wright*, 2000 WL 246266, at *9. If a pleading "fairly notifies the opposing party of the nature of the claim, as required under [Rule] 8, a motion for a more definite statement should be denied." *Id.* (collecting cases).

Defendants argue that the Court should strike from the complaint certain allegations that occurred outside the Title VII and § 1981 statutes of limitations because they are time-barred and not actionable. Defendants assert these allegations are discrete discriminatory acts that cannot constitute a continuing violation. Choi argues that many of these allegations are in fact part of a continuing violation. However, the Court need not decide whether the acts are time-barred or part of a continuing violation to rule on Defendants' motion to strike under Rule 12(f). Prior acts of discrimination that fall outside the limitations period may be used as background evidence in support of a timely discrimination claim. *Morgan*, 536 U.S. at 113.[7] Therefore, the prior acts are not immaterial under Rule 12(f) and it is inappropriate to strike such allegations at the pleading stage. *See Anbudaiyan v. Ill. Dep't of Fin. & Prof'l Regulation*, No. 11 C 8893, 2012 WL 2525696, at *3 (N.D. Ill. June 29, 2012) (denying request to strike allegations regarding prior acts of harassment because conduct could be relevant in some way). *See also Tanner v. Simelton*, No. 14 C 1804, 2015 WL 1983045, at *3 (N.D. Ill. Apr. 30, 2015) (holding that striking allegations is inappropriate where a history of discriminatory actions, even if outside the limitations period, may be relevant as background for later events or to show discriminatory animus); *Beard v. Don McCue Chevrolet, Inc.*, No. 9 C 4218, 2012 WL 2930121, at *3 (N.D. Ill. July 18, 2012) (finding that although some alleged misconduct is not actionable under Title VII and § 1981 statutes of limitations, the allegations are still relevant because time-barred prior acts can serve as background evidence); *Benjamin v. Ill. Dep't of Fin. & Prof'l Regulation*, 688 F. Supp. 2d 796, 801 (N.D. Ill. 2010) (denying motion to strike allegations outside the statute of limitations time period because they were relevant to other claims and provided background

---

[7] *Morgan* held that Title VII does not prevent a plaintiff from using time-barred acts as background evidence in support of a timely discrimination claim. *Id.* This principle is equally applicable to § 1981 discrimination claims. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 658 (N.D. Ill. 2006); *see also Wilbern v. Culver Franchising Sys., Inc.*, No. 13 C 3269, 2015 WL 5722825, at *22 (N.D. Ill. Sept. 29, 2015) (applying *Morgan* to § 1981 claim).

evidence for Title VII claim and therefore were not "redundant, immaterial, impertinent or scandalous").

Defendants also argue that certain allegations should be stricken because they are covered by the release of claims in the August 2011 settlement agreement and therefore are not actionable and are immaterial. However, facts related to Choi's first EEOC charge and the subsequent settlement agreement are relevant to the protected activity required to state a retaliation claim. Furthermore, even though acts covered by the settlement agreement are not actionable, they may still be relevant as background evidence for the actionable claims. *Hopkins v. Bd. of Educ. of City of Chicago*, 73 F. Supp. 3d 974, 984 (N.D. Ill. Nov. 14, 2014) (holding that events pre-dating a settlement agreement were not actionable but could be considered as background information for claims related to later conduct).

Defendants also argue that certain allegations should be stricken because they recite generalized, vague, and undated events, and do not specify against whom each allegation is made. However, this argument does not satisfy the standard for striking an allegation under Rule 12(f). *See supra* at 11–12; *see also Pain Prevention Lab, Inc. v. Electronic Waveform Labs, Inc.*, 657 F. Supp. 1486, 1490 (N.D. Ill. 1987) (vague or conclusory allegations need not be stricken). In the alternative, Defendants request that the Court order Choi to provide a more definite statement of these allegations. Although some of Choi's allegations lack dates or fail to identify a specific Defendant, the allegations are not unintelligible. At the pleading stage, Choi is only required to provide "a short and plain statement" of his claim that gives Defendants "fair notice" of what his claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Even where personal involvement is

required for finding liability, a plaintiff may plead an allegation directed against multiple defendants. *Rivera v. Lake County*, 974 F. Supp. 2d 1179, 1194 (N.D. Ill. 2013). Because Choi's allegations provide adequate notice to Defendants of his claims against them, a more definite statement under Rule 12(e) is not warranted. *See Tolston-Allen v. City of Chicago*, No. 12 CV 7601, 2014 WL 1202742, at *6 (N.D. Ill. Mar. 21, 2014) (denying 12(e) motion where plaintiff's alleged facts provided sufficient notice for defendants to investigate and defend against claim); *Rivera*, 974 F. Supp. 2d at 1194–95 (denying 12(e) motion where complaint allegations did not identify specific defendants but was not "unintelligible"); *Fortney v. Stephenson County*, No. 12 C 50282, 2013 WL 1499185, at *7 (N.D. Ill. Apr. 10, 2013) (denying 12(e) motion for clarity as to the date of certain allegations in plaintiff's discrimination complaint); *Wright*, 2000 WL 246266, at *9 (denying 12(e) motion for more definite statement where plaintiff failed to include dates for certain allegations).

Defendants also argue that Choi's harassment claims in Counts I and III are duplicative of his discrimination and retaliation claims in Counts II, IV, and V, and the Court should require Choi to re-plead to address the duplication. Defendants point out that several facts alleged in Choi's harassment claims are also included in his discrimination and retaliation claims. Choi's harassment claims allege that he was subjected to a hostile work environment. Doc. 9 ¶¶ 73, 111. A hostile work environment harassment claim is a type of discrimination claim, but it is distinct from a discrimination claim based on discrete acts, such as refusal to promote. *Nolan v. City of Chicago*, No. 15-CV-11645, 2017 WL 569154, at *5 (N.D. Ill. Feb. 13, 2017) (citing *Morgan*, 536 U.S. at 117). A plaintiff may bring independent claims for hostile work environment harassment, discrimination, and retaliation. *See Butler v. Nat'l R.R. Passenger Corp.*, 936 F. Supp. 2d 920, 928–33 (N.D. Ill. 2013) (denying summary judgment on

15

independent claims for discrimination and harassment); *Mehringer v. Vill. of Bloomingdale*, No. 00 C 7095, 2002 WL 1888364, at *4 (N.D. Ill. Aug. 14, 2002) (holding that retaliation and discrimination are distinct wrongs and involve different questions of intent and, therefore, a plaintiff is permitted to pursue both claims). Although several facts included in Choi's harassment, discrimination, and retaliation claims overlap, the Court reads the complaint as a whole and finds there are sufficient facts alleged to support Choi's hostile work environment claims and additional facts alleged to support his discrimination and retaliation claims. As a result, the Court denies Defendants' motion. *Cf. Brownlee v. Catholic Charities of the Archdiocese of Chicago*, No. 16-CV-00665, 2017 WL 770997, at *4–5 (N.D. Ill. Feb. 28, 2017) (striking claims that "wholly duplicate facts and legal theories" of other claims).

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendants' motion to dismiss and strike certain claims and allegations [12]. The Court dismisses Choi's IIED claims against all Defendants with prejudice. The Court orders Defendants to answer the remaining claims in Choi's second amended complaint by August 25, 2017.

Dated: August 2, 2017

_____
SARA L. ELLIS
United States District Judge